LEWIS BRISBOIS BISGAARD & SMITH LLP
DANIEL C. DECARLO, SB# 160307
 E-Mail: Dan.DeCarlo@lewisbrisbois.com
ROBERT M. COLLINS, SB# 254915
 E-Mail: Robert.Collins@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant KELLY VAN HALEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELVH, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY VAN HALEN, an individual,<br><br>Defendant. | CASE NO. 13-CV7524 MWF-PJW<br>*The Hon. Michael W. Fitzgerald*<br><br>**DEFENDANT KELLY VAN HALEN'S ANSWER TO COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Trial Date:   None Set |

4849-3774-1847.1

ANSWER

Defendant Kelly Van Halen ("Defendant") hereby answers the Complaint (of Plaintiff ELVH, Inc. ("Plaintiff").

## NATURE OF THE ACTION

The allegations in this portion of the Complaint do not call for any admissions or denials.

## JURISDICTION AND VENUE

1. Defendant denies any and all liability in this case, but admits that Plaintiff's Complaint does appear to make allegations arising under the Lanham Act, 15 U.S.C. §1502 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §2201(a), and several California state law claims.

2. Defendant denies any and all liability in this case, but admits that venue is proper as alleged by Plaintiff in paragraph 2 of the Complaint.

## THE PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth under Paragraph 3 of the Complaint and thus, denies same.

4. Defendant admits that she resides in the County of Los Angeles, California.

## FACTS

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth under Paragraph 5 of the Complaint and thus, denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth under Paragraph 6 of the Complaint and thus, denies same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth under Paragraph 7 of the Complaint and thus, denies same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth under Paragraph 8 of the Complaint and thus, denies same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth under Paragraph 9 of the Complaint and thus, denies same.

10. Defendant admits the truth of the allegations set forth under Paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth under Paragraph 11, and subparagraphs 11a., 11b., 11c., 11d. and 11e., of the Complaint and thus, denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth under Paragraph 12 of the Complaint and thus, denies same.

13. Defendant admits the facts set forth under Paragraph 13, and subparagraphs 13a., 13b. 13c., 13d. and 13e. of the Complaint.

14. Defendant admits the allegations set forth under Paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth under Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth under Paragraph 16 of the Complaint.

17. Defendant admits that she markets and sells apparel, blankets and other fashion accessories. Defendant denies the remaining allegations set forth under Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth under Paragraph 18 of the Complaint.

## FIRST CAUSE OF ACTION

(Infringement of a Registered Trademark)

Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1)

19. In response to paragraph 19 of the Complaint, Defendant repeats, realleges, and reincorporates herein by reference as though fully set forth her response to the allegations in paragraphs 1 through 18 of the Complaint.

20. Defendant denies the allegations set forth under Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth under Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth under Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth under Paragraph 23 of the Complaint.

## SECOND CAUSE OF ACTION

(Trademark Dilution)

Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c)

24. In response to paragraph 24 of the Complaint, Defendant repeats, realleges, and reincorporates herein by reference as though fully set forth her response to the allegations in paragraphs 1 through 23 of the Complaint.

25. Defendant denies the allegations set forth under Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth under Paragraph 26 of the Complaint.

## THIRD CAUSE OF ACTION

(False Designation)

Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A)

27. In response to paragraph 27 of the Complaint, Defendant repeats,

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1 realleges, and reincorporates herein by reference as though fully set forth her
2 response to the allegations in paragraphs 1 through 26 of the Complaint.

3     28. Defendant denies the allegations set forth under Paragraph 28 of the
4 Complaint.

### FOURTH CAUSE OF ACTION
(Common Law Trademark Infringement)

7     29. In response to paragraph 29 of the Complaint, Defendant repeats,
8 realleges, and reincorporates herein by reference as though fully set forth her
9 response to the allegations in paragraphs 1 through 28 of the Complaint.

10     30. Defendant is without knowledge or information sufficient to form a
11 belief as to the truth of the allegations set forth under Paragraph 30 of the Complaint
12 and thus, denies same.

13     31. Defendant is without knowledge or information sufficient to form a
14 belief as to the truth of the allegations set forth under Paragraph 31 of the Complaint
15 and thus, denies same except that Defendant denies that she has made any claim to
16 Plaintiff's trademarks. Defendant has adopted trademarks that are different that
17 Plaintiff's alleged trademarks.

18     32. Defendant denies the allegations set forth under Paragraph 32 of the
19 Complaint.

20     33. Defendant denies the allegations set forth under Paragraph 33 of the
21 Complaint.

22     34. Defendant denies the allegations set forth under Paragraph 34 of the
23 Complaint.

### FIFTH CAUSE OF ACTION
(Unfair Competition)
Cal. Bus. & Prof. Code §17200 *et seq.*

27     35. In response to paragraph 35 of the Complaint, Defendant repeats,
28 realleges, and reincorporates herein by reference as though fully set forth her

response to the allegations in paragraphs 1 through 34 of the Complaint.

36. Defendant denies the allegations set forth under Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth under Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth under Paragraph 38 of the Complaint.

## SIXTH CAUSE OF ACTION

(Common Law Unfair Competition)

39. In response to paragraph 39 of the Complaint, Defendant repeats, realleges, and reincorporates herein by reference as though fully set forth her response to the allegations in paragraphs 1 through 38 of the Complaint.

40. Defendant denies the allegations set forth under Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth under Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth under Paragraph 41 of the Complaint.

## SEVENTH CAUSE OF ACTION

(California Trademark Dilution)

Cal. Bus. & Prof. Code § 14247

43. In response to paragraph 43 of the Complaint, Defendant repeats, realleges, and reincorporates herein by reference as though fully set forth her response to the allegations in paragraphs 1 through 42 of the Complaint.

44. Defendant denies the allegations set forth under Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth under Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth under Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth under Paragraph 47 of the Complaint.

## EIGHTH CAUSE OF ACTION

(Declaratory Action)

28 U.S.C. § 2201

48. In response to paragraph 48 of the Complaint, Defendant repeats, realleges, and reincorporates herein by reference as though fully set forth her response to the allegations in paragraphs 1 through 47 of the Complaint.

49. Defendant denies the allegations set forth under Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth under Paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The FAC and each and every claim for relief therein, fail to allege facts sufficient to state a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Laches)

2. Plaintiff's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

(Release, Waiver, and Estoppel)

3. Plaintiff's claims are barred by the doctrines of release, waiver, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

(Privilege)

4849-3774-1847.1

7

ANSWER

4.    Plaintiffs' claims are barred, in whole or in part, because Defendants' activities were privileged or otherwise justified, as such activities were proper, fair, legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious nor unlawful.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

5.    Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

### SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

6.    The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

### SEVENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

7.    Defendant reserves the right to allege additional affirmative defenses as they may become known, or as they evolve during the litigation, and to amend this Answer accordingly.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by way of its Complaint;

2.    That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

3.    That Defendant be awarded her costs of suit incurred herein, including attorneys' fees and expenses; and

4.    For such other and further relief as the Court deems just and proper.

DATED: December 30, 2013

DANIEL C. DECARLO
ROBERT M. COLLINS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Daniel C. DeCarlo
Attorneys for Defendant KELLY VAN HALEN

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues which can be heard by a jury.

DATED: December 30, 2013

DANIEL C. DECARLO
ROBERT M. COLLINS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Daniel C. DeCarlo
Attorneys for Defendant KELLY VAN HALEN