1  KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
   JENNIFER J. McGRATH (SBN 211388)
2    jmcgrath@kwikalaw.com
   808 Wilshire Boulevard, 3rd Floor
3  Santa Monica, California 90401
   Telephone: 310.566.9800
4  Facsimile: 310.566.9850

5  MILLEN WHITE ZELANO & BRANIGAN PC
   JEFFREY R COHEN (*pro hac vice*)
6  E-Mail: cohen@mwzb.com
   MICHAEL S. CULVER (*pro hac vice*)
7  E-mail: culver@mwzb.com
   2200 Clarendon Boulevard Suite 1400
8  Arlington, VA 22201
   703-243-6333
9  703-243-6410 (fax)

10 Attorneys for Plaintiff ELVH, INC.

11 LEWIS BRISBOIS BISGAARD & SMITH LLP
   DANIEL C. DECARLO, SB# 160307
12 E-Mail: Dan.DeCarlo@lewisbrisbois.com
   ROBERT M. COLLINS, SB# 254915
13 E-Mail: Robert.Collins@lewisbrisbois.com
   221 North Figueroa Street, Suite 1200
14 Los Angeles, California 90012
   Telephone: 213.250.1800
15 Facsimile: 213.250.7900

16 Attorneys for Defendant Kelly Van Halen

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELVH, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY VAN HALEN, an individual,<br><br>Defendant. | Case No. CV 13-7524 MWF (PJWx)<br><br>**JOINT RULE 26(f) REPORT**<br><br><br>Case filed: October 10, 2013<br>Trial date: None Set |

A.  **Statement of the Case**: Plaintiff alleges that Defendant's use of the trademark and service mark Kelly Van Halen for apparel, furniture and assorted services is confusingly similar to and dilutes Plaintiff's famous mark Van Halen. Defendant denies she has infringed any trademark of Plaintiff and denies that there is any evidence of consumer confusion between Defendant's trademark and any trademark owned by Plaintiff. Defendant further denies that any trademark of Plaintiff is famous or that Defendant's rightful use of her trademark in any way tarnishes or blurs any mark owned by Plaintiff.

B.  **Subject Matter Jurisdiction**: Jurisdiction of the Court is invoked under 28 USC §1121 and §1338(a) as an action arising under Acts of Congress relating to trademarks, namely, the Lanham Act, 15 USC §1051 *et seq.* This Court has pendent jurisdiction over claims arising under state law pursuant to 28 USC §1338(b) and 28 §USC 1367(a).

C.  **Legal Issues**: Whether the trademark Van Halen is famous as defined by 15 U.S.C. §1125 *et seq.* Whether the use of Kelly Van Halen on clothing, blankets, furniture, interior design and construction services is confusingly similar to Van Halen for clothing and all forms of entertainment related services and products; whether the use of Kelly Van Halen as a trademark and service mark dilutes through blurring the mark Van Halen.

D.  **Parties, Evidence, etc.**: Parties: ELVH, Inc. an intellectual property holding company, without subsidiaries, that holds the rights to the Van Halen brand; Kelly Van Halen, owner of the trademarks KVH and Kelly Van Halen; Percipient Witnesses Plaintiff: Edward Van Halen, Alex Van Halen, Tracy Taub, Michael Karlin, Matthew Bruck, Bruce Fingeret; Percipient Witnesses Defendant: Kelly Van Halen, Baron Rogers; Key documents: trademark registrations, trademark applications, articles and other media, business records.

E.  **Damages**: Plaintiff assumes minimal monetary damages based on the lack of Defendant's sales, but seeks a permanent injunction requiring Defendant to

adopt a new mark that is not confusingly similar nor dilutes the Van Halen brand. Defendant asserts that Plaintiff has suffered no damage as there is no consumer confusion between Plaintiff's trademarks and Defendant's trademarks. Defendant also asserts that Plaintiff's trademarks are not famous, and even if they were, Defendant's use of her trademark does not tarnish or blur Plaintiff's trademark.

    F.    **Insurance**: Defendant does not possess an applicable insurance policy.

    G.    **Motions**: Plaintiff does not foresee adding parties, nor claims;

    H.    **Manual For Complex Litigation**: (4th 2004) Use of Surveys §11.493

    I.    **Status of Discovery**: Discovery has not yet begun.

    J.    **Discovery Plan Items J through M**: Please see Appendix A.

    M.    **Dispositive motions**: None at this time.

    N.    **Settlement/ADR**: The parties have discussed settlement, but no agreement yet. Defendant is interested in mediation before the Magistrate Judge, but lacks resources to pay for ADR services from a private mediator.

    O.    **Trial Estimate**: 3 days; Plaintiff estimates calling six witnesses. Defendant estimates calling 3-5 witnesses.

    P.    **Trial Counsel**: Plaintiff: Jeffrey R Cohen, Michael Culver and Jennifer McGrath; Defendant: Daniel C. DeCarlo and Robert M. Collins.

    Q.    **Independent Expert/Master**: Not Applicable.

    R.    **Timetable**: Please See Appendix A. Plaintiff believes the time it identifies in its Appendix A submission properly follows Judge Fitzgerald's "weeks Before Trial" model as well as addresses experienced pretrial and trial practice. The Defendant's actions or inactions and lack of funds should not be the reason why Plaintiff is denied the opportunity to properly prepare for trial.

Opposing counsel's comment about a prior pending matter at the Patent and Trademark office is incorrect. Current counsel for Defendant is not, and has never been, Defendant's counsel in connection with that matter. Moreover, the entire issue of dilution was not substantively addressed during this pending administrative

1  proceeding. Finally, if you review Defendant's timeline you will notice in their rush
2  to truncate the timeframe they have not followed your honor's "Weeks Before Trial"
3  model let alone fully thought through the interplay of certain dates: the Expert
4  Discovery Cut-Off Date (9/30/2014) and Last Day to Hear Motions (10/20/14). No
5  briefing schedule and hearing date would work within this timeframe. Defendant's
6  suggested Last Day To Conduct Settlement Conference (10/20/14) and For Jury
7  Trial To File Memorandum of Contentions of Fact and Law (11/17/14) is not even
8  close to the required 12 weeks and 6 weeks in advance of trial. Defendant does not
9  agree with the timetable provided by Plaintiff. There are a number of reasons to set
10 a trial promptly and Defendant proposes doing such by the end of the year. Such a
11 schedule will provide both parties with more than sufficient time to develop
12 whatever discovery is needed. It should be appreciated that Plaintiff has virtually
13 endless resources while the Defendant has limited resources. Extending the case
14 unnecessarily taxes those already limited resources. Second, a significant amount of
15 discovery was conducted in the cancellation proceeding Plaintiff instituted with the
16 United States Patent and Trademark Office, so both parties have already had a head
17 start on relevant discovery. Third, the Defendant operates a small business and seeks
18 only to be able to use her own name as a trademark in association with that business.
19 Unfortunately, this lawsuit serves as a significant distraction not only to the
20 Defendant's ability to operate her business using her own name as her trademark
21 but distracts her potential customers as well. A simple Google search of KELLY
22 VAN HALEN unfortunately results in at least the first two items being about this
23 lawsuit. That will likely not end until this issue is adjudicated. Finally the issues
24 and factual questions are not complex and do not require extensive discovery. In
25 sum, the questions for the jury are whether the use of KELLY VAN HALEN for
26 certain kinds of apparel products will confuse consumers with the rock band VAN
27 HALEN. The jury will also be asked to consider whether the mark VAN HALEN is
28 famous and if so, whether the Defendant's use of her own name as a trademark will

somehow tarnish or blur the alleged distinctiveness of Plaintiff's mark. Again, these are not difficult or complex questions to submit for consideration and we would urge the court to not allow this case to linger to the Defendant's great disadvantage.

    S.    **Other Issue**: None at this time.

DATED: March 7, 2014    KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/ Jennifer J. McGrath
Jennifer J. McGrath
Attorneys for Plaintiff ELVH, INC.

DATED: March 7, 2014    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Daniel C. DeCarlo
Daniel C. DeCarlo
Attorneys for Defendant Kelly Van Halen